# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| KIZZY COOK, as legal guardian and next friend of "MS", a minor, | ) <br> ) |
| Plaintiff, | ) Case No. <br> ) <br> ) Judge |
| vs. | ) <br> ) Magistrate Judge |
| CHRISTOPHER THOMAS and the BOARD OF EDUCATION OF THE CITY OF CHICAGO, | ) <br> ) JURY DEMAND <br> ) <br> ) |
| Defendants. | |

## COMPLAINT

**NOW COMES** the Plaintiff, "M.S.", a minor, by and through his legal guardian and next friend, KIZZY COOK, and through counsel Erickson & Oppenheimer, complaining against the Defendants, CHRISTOPHER THOMAS and the BOARD OF EDUCATION OF THE CITY OF CHICAGO, as follows:

## INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. §1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1988; 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under 28 U.S.C. § 1367(a).

## VENUE

3. Venue is proper under 28 U.S.C. Section 1391 (b). All of the parties reside in this judicial district and the events described herein all occurred within this district.

## THE PARTIES

4. The Plaintiff, M.S., is a 9-year-old resident of the Northern District of Illinois.

5. Kizzy Cook is the legal guardian of minor M.S. and is a resident of the Northern District of Illinois.

6. Defendant Christopher Thomas was at all relevant times the Dean of Students at South Shore Fine Arts Academy in the City of Chicago and an employee and agent of the Board of Education of the City of Chicago (hereinafter "Board") acting within his scope of employment and under color of law.

7. Defendant Board is a school system in Chicago, Illinois in charge of the management and operation of South Shore Fine Arts Academy at or about 1415 E. 70th Street in Chicago, Illinois and was at all relevant times the employer of Defendant Thomas.

**FACTS**

8. On or about September 28, 2018, M.S. was a student in a special-needs classroom at South Shore Fine Arts Academy.

9. Defendant Thomas was at all relevant time the Dean of Students at South Shore.

10. Defendant Thomas encountered M.S. and accused him of stealing markers.

11. Defendant then pushed M.S. into a classroom and choked him around the neck until the child couldn't breathe.

12. The Defendant's actions and use of physical force were committed without just cause or provocation and his conduct was willful and wanton.

13. M.S. suffered physical injuries as a result of the Defendant's conduct.

14. Defendant Thomas has been charged with the felony crime of Aggravated Battery.

**COUNT I - FOURTH AMENDMENT – EXCESSIVE FORCE**

15. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

16. The actions of the Defendant as set forth hereto constitute a violation of M.S., thus violating his 4th Amendment rights under the United States Constitution and 42 U.S.C. Section 1983.

17. The actions of Defendant Thomas as set forth hereto constitute excessive force.

18. Said actions of the Defendant were intentional, willful and wanton and committed with reckless disregard for M.S.'s rights.

18. Said actions of the Defendant were objectively unreasonable under the circumstances.

19. As a direct and proximate consequence of the Defendant's conduct, M.S. suffered damages, including without limitation violations of his constitutional rights, emotional anxiety, fear, pain and suffering, and monetary expense.

**WHEREFORE**, the Plaintiff prays for judgment against Defendant Thomas for an award of reasonable compensatory and punitive damages, plus attorneys' fees and costs.

### COUNT II – FOURTH AMENDMENT -- UNLAWFUL SEIZURE

20. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

21. The actions of the Defendant as set forth hereto constitute a violation of M.S.'s 4th Amendment rights under the United States Constitution and 42 U.S.C. Section 1983.

22. The seizure of M.S. in the school was without reasonable suspicion, lawful justification, and probable cause, thus violating his rights under the United States Constitution.

23. Said actions of the Defendant were intentional, willful and wanton and committed with reckless disregard for M.S.'s rights.

24. Said actions of the Defendant were objectively unreasonable under the circumstances.

25. As a direct and proximate cause of Defendant Thomas's conduct, M.S. suffered damages, including without limitation violations of his constitutional rights, loss of liberty,

emotional anxiety, fear, monetary expense, and pain and suffering.

**WHEREFORE**, the Plaintiff prays for judgment against Defendant Thomas for an award of reasonable compensatory and punitive damages, plus attorneys' fees and costs.

### COUNT III—INDEMNIFICATION

26. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

27. At all relevant times, Defendant Board was the employer of Defendant Thomas.

28. Defendant Thomas committed the acts alleged above under the color of law and in the scope of his employment as an employee of the Board.

29. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

30. As a proximate cause of Defendant Thomas's unlawful acts, which occurred within the scope of her employment, M.S. was injured.

**WHEREFORE**, should Defendant Thomas be found liable on one or more of the federal claims set forth above, Plaintiff demands, pursuant to 745 ILCS 10/9-102, that Defendant Board be found liable for any compensatory judgment Plaintiff obtains against said Defendant(s), plus attorneys' fees and costs awarded and such other and additional relief that this Court deems equitable and just.

### COUNT IV – BATTERY (state law claim)

31. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

32. Defendant Thomas knowingly and without legal justification caused bodily harm to M.S.

33. Defendant Thomas's contact with M.S. was unauthorized and constituted an offensive touching.

34. Defendant Thomas's conduct was malicious, willful and wanton.

35. As a direct and proximate cause of the conduct of Defendant Thomas, M.S. suffered injuries, including without limitation physical harm and pain, emotional distress and anguish, and financial damages.

**WHEREFORE**, the Plaintiff prays for judgment against Defendant Thomas for an award of reasonable compensatory and punitive damages, plus costs.

## COUNT V—*RESPONDEAT SUPERIOR*

47. Each of the paragraphs above is incorporated by reference as though fully stated herein.

48. In committing the acts alleged in the preceding paragraphs, the individual Defendant was an agent of the Board and was acting at all relevant times within the scope of his employment and under color of law.

49. Defendant Board is liable as principal for all torts committed by its agents.

WHEREFORE, should Defendant Thomas be found liable on one or more of the state claims set forth above, Plaintiff demands that, pursuant to *respondeat superior*, Defendant Board be found liable for any compensatory judgment Plaintiff obtains against said Defendant(s), as well as costs awarded.

## JURY DEMAND

The Plaintiff requests a trial by jury.

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorneys' fees have been assigned to counsel.

Respectfully submitted,

/s/ Jon Erickson

Erickson & Oppenheimer, Ltd.
223 West Jackson Boulevard, Suite 200
Chicago, Illinois 60606
Telephone: (312) 327-3370
Email: jon@eolawus.com